BARRY J. PORTMAN
Federal Public Defender
NICHOLAS PETER HUMY
Assistant Federal Public Defender
160 West Santa Clara Street, Suite 575
San Jose, CA 95113
Telephone: (408) 291-7753

Counsel for Defendant JAMES LAUTERMILCH

FILED

NOV 14 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

E-FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMES LAUTERMILCH,

    Defendant.

No. CR 05-00626 JW (RS)

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER RE: DISCOVERY OF CHILD PORNOGRAPHY

James Lautermilch is charged with one count of Transportation of Child Pornography, in violation of Title 18 U.S.C. § 2252A(a)(1) and one count of Possession of Child Pornography, in violation of Title 18 U.S.C. § 2252A(a)(5)(b). The United States will produce to counsel for the defendant in this case a mirror image of all digital media that was seized from the defendant, including digital media that contains images of child pornography. Pursuant to the child victim privacy provisions of 18 U.S.C. § 3509(d) and Federal Rule of Criminal Procedure 16, the parties stipulate, and the Court orders, that disclosure of these materials shall be subject to the following restrictions:

    1.    The United States will produce to counsel for the defendant in this case a mirror image of all digital media that was seized from the defendant, including digital media that

STIPULATION AND PROTECTIVE ORDER    1

1  contains images of child pornography. To the extent that sexually explicit images depicting
2  minors are not already captured in the digital media, the United States shall furnish hard copies
3  of those images. The government may also choose to provide hard copies of images in order to
4  facilitate settlement discussions even though those images were seized in digital form. The
5  digital media and hard copy images of child pornography will hereinafter be referred to together
6  as "restricted discovery." The term "restricted discovery" refers only to that portion of discovery
7  that constitutes an image or images depicting a minor or minors engaged in sexually explicit
8  conduct as defined in Title 18 United States Code § 2256(1) & (2). By entering into this
9  stipulation, the defense does not concede that any items of discovery constitutes sexually explicit
10 images depicting minors.
11     2.    Except when being actively examined for the purpose of the preparation of the
12 defense of defendant James Lautermilch, the restricted discovery produced by the United States
13 to the Federal Public Defender shall be maintained in this federal judicial district in a locked,
14 safe and secure drawer, cabinet, or safe which is accessible only to him, the Assistant Federal
15 Public Defender assigned to the case, and the FPD Computer Systems Administrator.
16     The following individuals may examine the identified restricted discovery:
17     a.    The Federal Public Defender and those permanent members of his staff who are
18           assisting him in the investigation and preparation of this case;
19     b.    The defendant with a member of the Federal Public Defender staff present.
20     No other person shall examine the identified restricted discovery, nor shall any copies be
21 made of the identified restricted discovery without further order of this Court. Examination of
22 the restricted discovery shall be done in a secure environment which will not expose the
23 materials to other individuals not listed above or permitted to examine the restricted discovery by
24 further order of the Court.
25     3.    If The Federal Public Defender determines that, other than those individuals
26 described above in paragraph 3, additional individuals or experts are needed to review the

STIPULATION AND PROTECTIVE ORDER          2


material he must obtain a further order of the Court before allowing any other individual to review the material. Application for such order may be made *ex parte* and under seal.

4. The restricted discovery shall not leave the State of California without further order of the Court, the application for which may be made *ex parte* and under seal.

5. The restricted discovery shall not be transported to defense expert or anyone else, by way of the United States mail or other facility of interstate commerce without further order of the Court, the application for which may be made *ex parte* and under seal.

6. A copy of this order shall be maintained with the restricted discovery at all times.

7. No copies of any of the identified restricted discovery may be made without further court order. The prohibition on copying includes (1) printing out images onto paper or film and (2) duplicating the images in any digital format. This restriction in no way precludes the defense from copying discovery not identified as restricted discovery.

8. The computer from which the digital media will be accessed shall not be connected to the Internet or to any other computer network.

9. Any pleadings that include copies of any identified restricted discovery or reveals the identity of any alleged minor victims shall be filed under seal.

10. Within 10 court days of the judgment and sentencing hearing in this matter, all material provided to defense counsel pursuant to this Order, and all other authorized copies, if any, shall be returned to the United States. The United States shall destroy them. If the defendant believes that he must maintain the material for any reason related to appeal, defendant must seek authorization from the District Court within 10 days of sentencing and judgment in this matter.

11. All individuals who receive access to the materials produced by the government pursuant to this Order, <u>prior to receiving access to the materials</u>, shall sign a declaration acknowledging that they have reviewed the Order, that they understand its contents,

STIPULATION AND PROTECTIVE ORDER          3

1  and that they agree to abide by the provisions within. The declaration shall further state clearly
2  that the declarant understands that failure to abide by this Order may be punishable by contempt
3  and other sanctions by this Court and by state or federal criminal charges for possession or
4  dissemination of child pornography. Each such declaration shall be maintained by the office of
5  the Federal Public Defender subject to further court order.

6

7

8  I, Nicholas Peter Humy, declare under penalty of perjury that I possess a copy of
9  Assistant United States Attorney, Susan Knight's holographic signature to this stipulation.

10

11

12

13  DATED: November 9, 2005

                                        -S-
                                      NICHOLAS PETER HUMY
                                      Assistant Federal Public Defender

E-FILED

14

15  IT IS SO STIPULATED

16  DATED: November 9, 2005

17                                        NICHOLAS PETER HUMY
                                      Assistant Federal Public Defender

18

19  DATED: November 9, 2005

                                      SUSAN KNIGHT
                                      Assistant United States Attorney

20

21

22  IT IS SO ORDERED:
    DATED: 11/14/05

23                                        HONORABLE RICHARD SEEBORG
                                      United States Magistrate Judge
                                      Northern District of California

24

25

26